OPINION
This appeal arises from a negligence action for personal injuries filed in the Columbiana County Court of Common Pleas. For the following reasons, the decision of the trial court is affirmed.
 I. FACTS
On May 17, 1994 at approximately 3:00 p.m., Matthew Catania, then six years of age, was a passenger in Suzanne Kaley's vehicle. Kaley had picked up Matthew and her children from school. After picking the children up from school, Kaley proceeded south on North Ellsworth Street in Salem, Ohio to Matthew's home. Both the elementary school and Matthew's home are located on North Ellsworth Street approximately one half mile from each other. Kaley pulled her car to the side of the road across from Matthew's home and put her hazard lights on. She let Matthew out of the car and onto the sidewalk beside the road. Matthew, without looking, darted in front of Kaley's vehicle towards his home. As Matthew ran across the road, Jeann Sampson approached Kaley's vehicle and proceeded very close beside it to pass her. Ultimately, Sampson hit Matthew. As a result Matthew suffered personal injuries and was required to seek medical care.
On February 2, 1995, Linda, Scott, and Matthew Catania ("appellants"), filed a personal injury complaint against Jeanne Sampson and Suzanne Kaley. The complaint requested declaratory judgment and compensation for personal injuries and loss of consortium.
On January 25, 1996, Sampson filed a motion for summary judgment. Appellants responded on February 21, 1996. The trial court sustained Sampson's motion on March 18, 1996.
On April 2, 1996, Appellants filed a notice of appeal. This court held that the judgment entry lacked the language required by Civ.R. 54 (B) to be a final appealable order. A judgment entry was subsequently filed nunc pro tunc and appellants filed a supplement to the notice of appeal.
On June 6, 1996, this court reversed the motion for summary judgment and remanded the matter for a new trial.
On February 17, 1998, a new trial took place. On February 18, 1998, the jury reached a verdict in favor of both Sampson and Kaley. The judgment entry on the jury verdict was filed on February 27, 1998. Appellants filed their second notice of appeal to this court on March 26, 1998.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellants raises three assignments of error on appeal. Assignment of error number one reads:
 "THE TRIAL COURT ABUSED ITS DISCRETION, WHEN IT FAILED TO GIVE THE PROPER JURY INSTRUCTIONS REQUIRED BY LAW."
Appellants argue that the trial court should have instructed the jury that Sampson's failure to signal before passing Haley's vehicle was a direct violation of R.C. 4511.27 (A). Appellants argue that it was essential for the trial court to give such an instruction because it pertains to the cause of the accident and would aid the jury in determining whether Sampson's conduct was negligent.
 A. LAW
Pursuant to Civ.R. 51 (A), any party may file a written request to the trial court to instruct the jury on the law as set forth in the request. However, the trial court is not required to charge the jury with the requested instruction. In Murphy v.Carrolton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, the Supreme Court noted:
 "It is well established that the trial court will not instruct the jury where there is no evidence to support an issue. However, the collorary of this maxim is also true. Ordinarily requested instructions should be given if they are correct statements of the Law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction." (Citations omitted)
When reviewing a court's refusal to give a particular instruction to the jury, the reviewing court cannot observe a single challenged jury instruction piecemeal or in isolation, but must review it in the context of the entire charge. State v.Hardy (1971), 28 Ohio St.2d 89. A trial court may tailor the language of its instructions to suit the factual circumstances in the case before it. State v. Poole (1996), 116 Ohio App.3d 513,525. Thus, the proper standard of review for an appellate court is whether the trial court's refusal to give an instruction amounted to an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989), 44 Ohio St.3d 64.
 B. ANALYSIS
In the case sub judice, appellant offered the following proposed jury instruction:
 "A driver of a vehicle going in the same direction must signal to the vehicle being overtaken, must pass to the left side at a safe distance, and must not return to the right side of the roadway until safely clear of the overtaken vehicle."
Prior to charging the jury, the trial court conducted a meeting with the parties, outside the presence of the jury, wherein the trial court stated that it would not give an instruction about signaling before passing because it was unable to find any law apart from R.C. 4511.27 (A) to support the instruction. (Tr. at 323)
After instructing the jury upon ordinary care and the heightened standard of care required when driving through a school zone, the court explained how these standards should be applied to Sampson:
 "In applying theses standards you should determine whether the Defendant, Jeanne Sampson, saw or should have seen Matthew Catania; the apparent age of the child; what actions the child did or did not do; what action Jeanne Sampson did or did not do; and using a rule of ordinary care under the circumstances, and the heightened duty of care in a school zone, decide whether or not Jeanne Sampson failed to use that degree of ordinary care required by her." (Emphasis added). (Tr. 370-71).
The proposed jury instruction pertaining to the overtaking and passing of a vehicle going in the same direction is inapplicable to the facts herein. The proposed jury instruction is a correct statement of the law, but a jury's determination whether or not Sampson did or did not employ her turn signal before passing Katania's vehicle bears no relevance to the issue of proximate causation. There is no evidence in the record to indicate that if Sampson signaled prior to passing Kaley's vehicle, Matthew would not have been hit. In the absence of such evidence, the trial court was not required to offer the proposed instruction to the jury.
The appropriate inquiry was whether Sampson exercised or should have exercised a duty of care to avoid colliding with Matthew. The trial court instructed the jurors that in considering whether Sampson was negligent, a person in the same position as Sampson has the right-of-way against any pedestrians not crossing in a crosswalk in the absence of knowledge to the contrary that others will yield the right-of-way to her. (Tr. 371-72). The court provided adequate instructions to the jury upon which they could determine whether Sampson acted or failed to act in a manner which was negligent or proximately caused Matthew's injuries.
The trial court did not abuse its discretion by refusing to instruct the jury that a vehicle must signal before overtaking and passing another vehicle. Appellants' first assignment of error is without merit.
 III. ASSIGNMENTS OF ERROR NO.'S TWO AND THREE
Due to the common issues presented in appellants' second and third assignment of error, they will be addressed together herein.
Appellants' second assignment of error reads:
 "THE TRIAL COURT'S DECISION IN FAVOR OF DEFENDANT SUZANNE KALEY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellants' third assignment of error reads:
 "THE TRIAL COURT'S DECISION IN FAVOR OF DEFENDANT JEANNE SAMPSON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellants argue that Kaley breached her duty of care to drop Matthew off in a reasonably safe place by allowing Matthew to exit her vehicle and cross the street alone when the street was heavily congested. Appellants also argue that Sampson breached her duty to take adequate precautions in an area where children were present because Sampson could have seen Matthew exit the vehicle and cross the street, but she did not stop to look for children or slow down before passing Kaley's vehicle. Thus, appellants allege that the jury's verdicts are not supported by competent credible evidence and should be reversed.
 A. LAW
A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all the material elements of the case. C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. A reviewing court must indulge in every reasonable presumption in favor of the lower court's judgment and findings of fact. Gerijio, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226. The evidence must be construed consistently with the lower court' s judgment if the evidence is susceptible to more than one interpretation. Id. We defer to the jury's findings of fact because it is in the best position to observe the witnesses and weigh their credibility. Seasons Coal Co. Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
 B. ANALYSIS
Based upon the evidence presented in the record, the jury verdicts in favor of both Kaley and Sampson were supported by competent and credible evidence.
The record indicates that Kaley pulled her vehicle beside the curb on North Ellsworth Street to drop Matthew Catania off from school. After pulling beside the curb, Kaley turned her hazard lights on. (Tr. 190-191). Before dropping Matthew off, Kaley testified that she told Matthew to be careful and look both ways before crossing the street. (Tr. 188). Despite Kaley's warnings Matthew only looked to his right before darting out into the street in front of Sampson's vehicle as she proceeded to pass Kaley's vehicle. (Tr. 191)
Kaley had a duty to discharge Matthew in a reasonably safe place. See Feldman v. Howard (1967), 10 Ohio St.2d 189, 192. The jury could have determined from the evidence that the sidewalk where Kaley discharged Matthew was reasonably safe. The jury could have further determined that Kaley's duty to drop Matthew off in a reasonably safe place did not extend to also foresee or expect that Matthew would suddenly rush out into the street without looking both ways. In fact Matthew's mother testified that if Matthew did not ride home with her, he would have walked home. (Tr. 256)
Sampson was also required to exercise a heightened duty of care because children were present. See DiGildo v. Canoni (1969),18 Ohio St.2d 125. However, Sampson also had the right of way against a pedestrian not crossing on a cross-walk in the absence of knowledge that the pedestrian would not yield to her. (Tr. 371-72). Evidence was presented to the court that Matthew did not run across the street at an intersection or a crosswalk. (Tr. 191). Furthermore, Sampson testified that she did not see Matthew until she hit him because she was looking straight ahead so that she could pass Kaley's vehicle. (Tr. 205)
Robert S. Woods, a witness for appellant, testified that he observed Matthew exit the car and run directly in front of it before he collided with Sampson's vehicle. (Tr. 218). Woods testified that he was able to observe Matthew, at least partially, throughout the incident, but he also acknowledged that he had the benefit of a higher vantage point than Sampson did at that time. (Tr. 222)
Christime Conrad, a witness for Sampson, testified that she did not believe that Sampson could have avoided the accident because Matthew ran so quickly across the street. (Tr. 293). She also testified that she probably would not have seen Matthew prior to the accident either except that she turned her face to the right side to speak to her son thereby allowing her to see Matthew. (Tr. 304)
Based upon the foregoing evidence, the jury's verdicts in favor of both Sampson and Kaley were supported by competent and credible evidence that Kaley and Sampson conformed to the standard of care required while traveling in a school zone. Appellants' second and third assignments of error are without merit.
For the foregoing reasons, the decision of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________________ JOSEPH J. VUKOVICH, JUDGE